Compiler

**IN THE SUPERIOR COURT OF GUAM**

2012 DEC 28 AM 11: 52

THE PEOPLE OF GUAM,                    )
                                       )    **CRIMINAL CASE NO. CM0188-10**
        vs.                            )
                                       )    **DECISION AND ORDER**
PERSHIDA DAVID,                        )
                                       )
            Defendant.                 )
                                       )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on the Defendant's motion to dismiss, filed October 11, 2012. Oral arguments were heard on November 5, 2012. Assistant Attorney General James C. Collins, Esq. appeared on behalf of the Government and Assistant Public Defender Suresh Sampath, Esq. represented Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On March 9, 2010, the Government filed a complaint to charge Defendant with possession of a vehicle without identification as a misdemeanor and with driving a vehicle without license, registration or insurance as petty misdemeanors. On April 13, 2010, the Court entered a summons for Defendant to appear and answer on May 26, 2010, or seventy-eight (78) days after the complaint was filed.

On May 24, 2010, the Marshal of the Courts filed an affidavit that the summons and complaint were not served upon Defendant after four attempts and two visits to her last known address without response. On June 1, 2010 the Court entered a bench warrant to secure Defendant's presence, and she was located and served with the warrant on April 11, 2012. Defendant was released the same day and subsequently arraigned on April 23, 2012.

On October 11, 2012, Defendant filed the present motion to dismiss because she was not promptly arraigned within sixty (60) days of the complaint pursuant to *People v. Rasauo*, 2011

Guam 14. Defendant argues the delay is not excused by good cause and that the complaint should be dismissed with prejudice. The Government argues judicial delay constitutes good cause to excuse the untimely arraignment and that the complaint can only be dismissed with prejudice when the Defendant suffers from actual prejudice, bad faith or misconduct.

## DISCUSSION

Under Guam law, "unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *Rasauo*, 2011 Guam 14 ¶ 16. This rule applies, "the statutory speedy trial time period delineated in 8 GCA § 80.60(a)(3)," to the prompt arraignment requirement delineated in 8 GCA § 60.10(a). *Id*. Good cause to delay a prompt arraignment is determined by the specific circumstances of each case. *Id*. at ¶ 14.

**1. Good Cause to Delay Prompt Arraignment**

Guam law does not describe the specific circumstances that constitute good cause to delay a prompt arraignment. In *People v. Stephen*, 2009 Guam 8 ¶ 32, the Supreme Court explained that "the prompt arraignment requirement of 8 GCA § 60.10(a) is a statutory expression of the speedy trial right," and a speedy trial may be delayed by the following good causes: 1) conduct of the defendant; 2) delay that benefits the defendant; 3) unforeseen circumstances; and 4) prompt disposition of pretrial motions. *See e.g. People v. Flores*, 2009 Guam 22 ¶ 40; *Carver v. Superior Court*, 1998 Guam 23 ¶ 11; *Quinata v. Superior Court*, 2010 Guam 8 ¶ 36.

In this case, Defendant was arraigned on April 23, 2012 and more than 60 days after the complaint was filed on March 9, 2010. An initial delay was caused by the Court's order for Defendant to appear seventy-eight (78) days after the complaint was filed. The Government contends this delay is excusable for good cause because it is not attributable to prosecutorial delay. The Court does not agree. Pursuant to *Rasauo*, 2011 Guam 14 ¶ 12, courts, judicial officers and prosecuting attorneys all share the duty and the constitutional guarantee to promptly dispose criminal charges. *Id*. (*citing Strunk v. U.S.*, 412 U.S. 434, 439, n. 2 (1973)

and 8 GCA § 80.50(a)). For this reason, the untimely arraignment is not excused by 78 days of judicial delay and the complaint shall be dismissed pursuant to *Rasauo*, 2011 Guam 14.[1]

**2. Dismissal With or Without Prejudice**

Guam law does not specify whether dismissal with prejudice or dismissal without prejudice is the appropriate remedy for a violation of 8 GCA § 60.10(a) and *Rasauo*, 2011 Guam 14. The prompt arraignment requirement is an expression of the speedy trial right. *Stephen*, 2009 Guam 8 ¶ 32. Absent clear guidance to dismiss an untimely arraignment with or without prejudice, the Court shall consider the established speedy trial analyses in order to more consistently weigh the circumstances of an untimely arraignment. *See Id.* at ¶ 21 (an established rule or forewarning may be required to dismiss with prejudice).

Under Guam law, the Court must consider the following relevant factors to determine whether a delay violates the Sixth Amendment right to a speedy trial: 1) the length of the delay; 2) the reason for the delay; and 3) the presence or absence of prejudice resulting from the delay. *People v. Flores*, 2009 Guam 22 ¶¶ 41-42 (*citing Barker v. Wingo*, 407 U.S. 514, 521 (1972)). When federal time limits to begin trial are violated, the following factors determine whether to dismiss the prosecution with or without prejudice: 1) the seriousness of the offense; 2) the facts and circumstances that led to dismissal; 3) the impact of reprosecution on the administration of federal time limits and the administration of justice; and 4) the prejudice suffered by the defendant from the delay. *See Perez*, 2011 WL 2294194, at *3 (*citing* 18 U.S.C. § 3162(a)(2); *U.S. v. Taylor*, 487 U.S. 326, 336-337, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1998); and *U.S. v. Lewis*, 518 F.3d 1171, 1176 (9th Cir. 2010)).

In this case, Defendant was arraigned on April 23, 2012 and more than two (2) years after the complaint was filed on March 9, 2010. The length of this delay may give rise to a presumption of prejudice. *Flores*, 2009 Guam 22 ¶ 49. The initial 78-day delay was caused by judicial calendaring and the responsibility for this delay weighs against the Government. *Id.* at ¶¶ 45-46. The subsequent 2-year delay was caused by the inability to locate and serve

---

[1] A subsequent two-year delay was caused by an inability to serve the Defendant with a summons or bench warrant, but this additional delay is immaterial to the Court's analysis as the 78 day delay is not excusable for good cause.

Defendant, but the entire record is devoid of the information necessary to determine whether this delay was deliberate, negligent or justified, and the responsibility for the delay does not weigh in favor of either party. *Id.* Most importantly, the complaint caused no oppressive pretrial incarceration, anxiety or concern before Defendant was located and served on April 11, 2012, and there is no allegation of actual prejudice in this matter. *Id.* at ¶¶ 49-56. These circumstances weigh against a constitutional violation and against Defendant's request for dismissal with prejudice.

Furthermore, a dismissal without prejudice is warranted in light of the less serious misdemeanor and petty misdemeanor offenses, the aforementioned slight impact of the delay, the absence of clear Government neglect, and the aforementioned absence of prejudice suffered by Defendant. *See Perez*, 2011 WL 2294194, at *3-8. For all of these reasons, the complaint shall be dismissed without prejudice.

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant's motion to dismiss is hereby GRANTED and the complaint is dismissed without prejudice for the failure to promptly arraign Defendant pursuant to 8 GCA § 60.10(a) and *People v. Rasauo*, 2011 Guam 14.

SO ORDERED this _____ day of December, 2012.

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

DEC 2 8 2012

James R. Borja
Deputy Clerk, Superior Court of Guam